**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,            ) | No.  CR-18-0239-01-PHX-SPL |
| Plaintiff,  ) | |
| vs.            ) | **ORDER** |
| Michael Ralph Martinez,            ) | |
| Defendant.  ) | |

   The Court has received Defendant Michael Ralph Martinez's Motion for Compassionate Release ("Motion") (Doc. 59) and the United States' Response ("Response"). (Doc. 63) The time to file a reply has passed and the Motion is ripe for review. The Court will deny the Motion for the reasons that follow:

   Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), requesting that his sentence be modified to time served and followed by a term of supervised release for life. (Doc. 59 at 1) He cites health concerns and the ongoing COVID-19 pandemic as grounds for his release. (Doc. 59 at 9–11)

   Section 3582(C)(1)(A)(i) allows for compassionate release when a Defendant has exhausted all administrative remedies and when the Court finds that "extraordinary and compelling reasons warrant such a reduction." The Court also considers the sentencing factors of 18 U.S.C. § 3553(a).

   Defendant has exhausted his administrative remedies by petitioning the Bureau of Prisons via his warden for compassionate release on October 5, 2020. (Doc. 59 at 7)

Therefore, the Court may turn to the substance of the Motion. This Court has adopted a four-factor test when determining whether to grant motions for release on COVID-19 grounds. *United States v. Steinbart*, No. CR-20-00485-01-PHX-SPL (D. Ariz. filed March 26, 2020) (Doc. 125) citing (*United States v. Terrone*, 454 F. Supp. 3d 1009, 1022 (D. Nev. 2020)). The Court considers equally the four following factors:

> (1) the original grounds for the defendant's … detention;
>
> (2) the specificity of the defendant's stated COVID-19 concerns;
>
> (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and
>
> (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* Here, however, this factor test is irrelevant, because the Government has shown that Defendant previously tested positive for COVID-19. (Doc. 63 at 2) Defendant therefore is unlikely to spread or contract COVID-19 again, at least for the time being. *See United States v. Gouveia*, No. CR 08-00739-SOM-2, 2020 WL 6065299, at *5 (D. Haw. Oct. 14, 2020) (detailing CDC findings on COVID-19 reinfection and denying compassionate release to an inmate who had previously tested positive for COVID-19 for failing to show extraordinary and compelling reasons under § 3582(C)(1)(A)). The Court instead turns directly to the § 3553(a) factors: the nature and circumstances of the offense and the defendant's criminal history and characteristics; the need for the sentence imposed; the kinds of sentences available; the established sentencing range; any pertinent policies; the need to avoid sentence disparity among similar defendants; and the need to provide restitution to victims.

Defendant possessed 1,799 files of child pornography, some of it involving violence against children. (Doc. 63 at 4) He pled guilty to violating 18 U.S.C. §§ 2252(a)(2), (b)(1), and 2256, Distribution of Child Pornography, a Class C Felony offense. (Doc. 57 at 1) On April 24, 2019, Defendant was sentenced to serve a period of 97 months, with a credit of

time served. (Doc. 55 at 1) This sentence is typical of the nature of the offense. Federal Sentencing Guidelines Manual §2G.2(a)(2) (U.S. Sentencing Comm'n 2018). He has been diagnosed with Pedophilic Disorder and showed he believed children enjoyed sex acts and that he was sexually attracted to pornographic material involving children. (Doc. 63 at 5) Defendant has not undergone any treatment for his disorder. (Doc. 63 at 9–10) Because of this, the Court considers him a danger to the community. Defendant has a toddler-aged son. (Doc. 63 at 9–10) He seeks home release, where he would live with his wife and child. (Doc. 59 at 14)

Defendant's stated COVID-19 concerns are his health conditions: sleep apnea, anxiety, latent tuberculosis, and his fear of contracting COVID-19 at FCI Stafford, where he is currently housed. (Doc. 59 at 9–11) The Government has shown evidence that Defendant was treated for his latent tuberculosis and his case was marked as "resolved." (Docs. 63 at 14, 63-1 at 48) Furthermore, when he was diagnosed with COVID-19 he showed no symptoms, undercutting his arguments that individuals with latent tuberculosis are subject to a higher risk of serious COVID-19 complications. (Docs. 59 at 5, 63 at 15)

Furthermore, "absent a specific showing that the defendant himself remains susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons." *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021). Additionally, the Government showed Defendant was offered the vaccine, and refused it. (Doc. 63 at 10) When a Defendant has refused the vaccine, this Court has found that fact undercuts the argument that risk of serious illness from contracting COVID-19 is "an extraordinary and compelling reason for his immediate release." *United States v. Williams*, No. CR1701279001PHXDLR, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021).

Weighing the fact that Defendant is a danger to the community and possibly his own family with the fact that he has not shown a susceptibility to the COVID-19 virus, the Court does not find extraordinary and compelling reasons under 18 U.S.C. § 3582(C)(1)(A)(i).

Having carefully considered the Motion and Response, for the foregoing reasons,

**IT IS ORDERED** denying Defendant's Motion for Compassionate Release. (Doc. 59)

Dated this 23rd day of February, 2021.

*[signature]*
Honorable Steven P. Logan
United States District Judge